The Honorable Bill Clinton Office of the Governor State Capitol Little Rock, AR 72201
Dear Governor Clinton:
This is in response to your request for an opinion regarding the Arkansas Enterprise Zone Act of 1989, which is codified at A.C.A. 15-4-801 — 814 (Cum. Supp. 1991 and Adv. Code Serv. 1992-93).
Your question pertains to the date upon which a company is eligible for benefits under the act. You note that in order to be eligible, a company must file an application with the city council or county quorum court. The local entity must then pass a resolution stating that the company is eligible for benefits while the new plant or plant expansion is underway. The resolution and application are then sent to the Arkansas Industrial Development Commission ("AIDC"), and AIDC determines whether the business is certified to participate in benefits. You state that ordinarily the company is eligible for benefits starting with the date the resolution was passed.
If, however, the city council or quorum court did not take action before construction took place involving the purchase of materials or the hiring of plant workers, the company would lose those benefits. The question posed is whether the local officials can set the effective date in the resolution as a date that is several weeks before the vote on the resolution.
It is my opinion that an effort to, in effect, back-date a resolution in order to derive benefits for prior construction or expansion work would be contrary to the act and regulations, which envision prospective benefits following the governing body's approval of an endorsement resolution. See A.C.A. 15-4-807(b)(1)(E) and (d)(1)(A) (Adv. Code Serv. 1992-93) regarding the resolution requirement. When read as a whole, the act evinces an intent to authorize prospective benefits. This intent is confirmed by the Department of Finance and Administration rules and regulations, which clearly provide that no tax credit shall be authorized until the business has been certified as a participant in the program.[1] See Gross Receipts and Use Tax Regulation 1989-1 Enterprise Zones, 11 at 6 (entitled "Taxes Paid Prior to Enterprise Zone Designation"). The regulations do not authorize refunds or credits for purchases made or employees hired prior to certification.
It is therefore my opinion that the benefits under the act cannot be extended in connection with purchases made or employees hired prior to the governing body's approval of an endorsement resolution. And my review has yielded no authority for indirectly accomplishing what cannot be done directly by setting the resolution's effective date as a date prior to the governing body's approval of such resolution.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It is my understanding that the date of the local resolution is ordinarily adopted as the certification date.